UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA LEE REDDING,<br><br>                Plaintiff,<br><br>   v.<br><br>SNOHOMISH COUNTY CORRECTIONS, *et al.*,<br><br>                Defendants. | Case No.C19-845-BJR-MLP<br><br>REPORT AND RECOMMENDATION |

### I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action brought under 42 U.S.C. § 1983. Plaintiff Joshua Redding has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint, and the balance of the record, concludes that Plaintiff has not stated a claim upon which relief may be granted in this action. The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

REPORT AND RECOMMENDATION
PAGE - 1

## II. BACKGROUND

On June 3, 2019, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. # 1.) Plaintiff asserted in his complaint that when he was booked into the Snohomish County Jail ("the Jail") in May 2019, he was dehydrated and was promised Gatorade and lunch, but he never received either. (Dkt. # 5-1 at 3.) Plaintiff claimed he was placed in a cell where the water was turned off and he was denied all meals for a period of 24 hours. (*Id.*) According to Plaintiff, he was left with no option but to drink toilet water thus exposing himself to unknown diseases. (*Id.*) Plaintiff also appeared to claim that he was denied medical care for concerns relating to the lack of food and water, and for concerns relating to diseases he may have been exposed to as a result of being forced to drink toilet water. (*Id.*)

Plaintiff identified Snohomish County Corrections, Corrections Sergeants Lee and Moody, Corrections Officers Guerrero and Hoff, and the Snohomish County Corrections Medical Department as Defendants in this action. (*Id.* at 1, 2.) Plaintiff requested damages and a "no contact order" preventing him from being housed at the Jail in the future. (*Id.* at 4.)

After reviewing Plaintiff's complaint, this Court determined that the pleading was deficient and it therefore issued an Order declining to serve the complaint but granting Plaintiff leave to file an amended complaint. (Dkt. # 8.) In that Order, the Court set forth the standards applicable to claims brought under § 1983 and explained that Plaintiff's pleading was deficient because he failed to clearly connect his various accusations of unlawful conduct to each of the individual defendants. (*Id.* at 3.) The Court advised Plaintiff that he would have to provide more specificity and clarity with respect to his claims if he wished to proceed with this action, and he would have to ensure that each claim comported with the identified standards for stating a claim

REPORT AND RECOMMENDATION
PAGE - 2

under § 1983. The Court also advised Plaintiff that Snohomish County Corrections and the Snohomish County Corrections Medical Department were not proper Defendants. (*Id*. at 4.)

Plaintiff filed an amended complaint on August 19, 2019 in which he alleges that Snohomish County Corrections Officers Guerrero and Hoff, and Corrections Sergeants Lee and Moody, violated his Fourteenth Amendment rights on the day he was booked into the Jail. (Dkt. # 13.) Specifically, Plaintiff asserts that when he was booked on the morning of May 9, 2019, he was overheated, dehydrated, and hungry and he was promised food, Gatorade, and medical attention. (*Id*. at 4.) According to Plaintiff, he drank a small amount of water upon entering his cell but, shortly thereafter, Officer Guerrero turned off the water and it was only turned on "once or twice" to allow Plaintiff to get a single cup of water at a time. (*Id*.) According to Plaintiff, he was also given one or two cups of Gatorade, but he claims this was insufficient because he "was absolutely completely dehydrated" and he needed "about a gallon of liquids." (*Id*.)

Plaintiff also asserts that he was offered sandwiches by Officer Hoff, but he declined them and asked that Officer Hoff randomly select other sandwiches because he was convinced the staff was trying to poison him. (*Id*.) Plaintiff claims that Officer Hoff refused his request and would not let him reconsider taking the sandwiches he was originally offered. (*Id*.) Plaintiff claims he was not offered food again until the following day despite his pleas that he be fed. (*Id*.) Plaintiff asserts, with respect to Sergeant Lee and Sergeant Moody, that they were the supervising officers during times relevant to the complaint and were aware of, but would not acknowledge, Plaintiff's pleadings for food, water, and medical attention. (*Id*.)

Plaintiff claims that he suffered mental trauma because he thought staff were attempting to kill and torture him, and he felt there was no other option but to drink toilet water which

REPORT AND RECOMMENDATION
PAGE - 3

exposed him to unknown diseases. (*Id*.) He also claims that "[m]y urine was a dark brown color, so I'm guessing there was some liver and kidney harm." (*Id*.) Plaintiff requests damages in the amount of $500,000. He also requests that he not be housed in the Jail. (*Id*. at 9.) Plaintiff's amended complaint, though better organized than his original pleading, still fails to adequately allege a cause of action under § 1983 against the Defendants named therein.

### III.   DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984)).

It appears that Plaintiff was a pretrial detainee at times relevant to this action. As a pretrial detainee, Plaintiff had the right to be free from punishment under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 533 (1979). In assessing conditions of confinement for pretrial detainees, the Court considers whether the conditions amount to punishment, causing harm or disability significantly exceeding or independent of the inherent discomforts of confinement, or whether they merely result from some legitimate governmental purpose. *See Doe v. Kelly*, 878 F.3d 710, 714, 720 (9th Cir. 2017).

The Court evaluates a pretrial detainee's Fourteenth Amendment claim under an objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (applying objective standard to medical care claims and describing similar treatment afforded medical care and other conditions of confinement claims) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015), and *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)).[1] A pretrial detainee must demonstrate a defendant's acts or omissions were objectively unreasonable, and identify objective facts indicating the "challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that [objective]." *Kingsley*, 135 S. Ct. at 2473-74.

An institution must provide prisoners and pretrial detainees "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th

---

[1] Previously, "all conditions of confinement claims, including claims for inadequate medical care, were analyzed under a subjective deliberate indifference standard whether brought by a convicted prisoner under the Eighth Amendment or pretrial detainee under the Fourteenth Amendment." *Gordon*, 888 F.3d at 1122-23 (citing *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242-43 (9th Cir. 2010)). Although the Ninth Circuit has not expressly extended the objective deliberate indifference standard to all pretrial detainee conditions of confinement claims beyond a denial of medical care, failure-to-protect, and excessive force claims, the decision in *Gordon* strongly suggests it will do so. *See Gordon*, 888 F.3d at 1120, 1124, and 1124 n.2 (citing *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017) (extending objective deliberate indifference standard to all pretrial detainee conditions of confinement claims)).

REPORT AND RECOMMENDATION
PAGE - 5

Cir. 1982); *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996), *overruled on other grounds in Marley v. United States*, 548 F.3d 1286 (9th Cir. 2008). However, not every deprivation of these necessities rises to the level of a constitutional violation. "The circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Plaintiff alleges that Defendants deprived him of food and necessary hydration for some period of time, apparently not exceeding 24 hours. (*See* Dkt. # 13 at 5; Dkt. # 7 at 3.) Plaintiff makes clear, however, that the absence of food was attributable to his own refusal, in the first instance, to accept food that was offered to him. That he was not offered additional food until the following day does not constitute a sufficiently serious deprivation to implicate federal constitutional concerns. As to the alleged deprivation of necessary hydration, Plaintiff makes clear that he was provided water and Gatorade during the time in question, he simply did not receive as much as he believed he needed. This limitation on hydration, though obviously distressing to Plaintiff, does not constitute a sufficiently serious deprivation to implicate federal constitutional concerns.

It is noteworthy that Plaintiff does not allege he suffered any serious physical harm as a result of the deprivation of food, nor does he make any plausible claim that he was harmed as a result of the lack of sufficient hydration. Plaintiff speculates that he suffered harm to his liver and kidneys given the color of his urine, but such speculation is insufficient to make out a viable claim for relief against Defendants particularly in light of Plaintiff's acknowledgement that he was overheated and dehydrated at the time he was booked into the facility. It seems unlikely that

REPORT AND RECOMMENDATION
PAGE - 6

Plaintiff would be able to establish a causal connection between any liver and kidney damage and Defendants' restrictions on his fluid intake for a period of hours. Plaintiff has not demonstrated that the temporary limitations on his food and fluid intake, under the circumstances presented here, were objectively unreasonable.

Plaintiff also fails to demonstrate that the restrictions on food and water on the day in question lacked a rational relationship to a legitimate governmental objective or were excessive in relation to that objective. *Kingsley*, 135 S. Ct. at 2473-74. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Bell*, 441 U.S. at 546. Corrections administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id*. at 547.

The facts alleged by Plaintiff in his amended complaint suggest that he was uncooperative during food service, rejecting the food offered him by Officer Hoff, and he therefore missed the meal. (*See* Dkt. # 13 at 5.) A review of Plaintiff's original complaint suggests that the water was turned off in his cell because Officer Guerrero suspected Plaintiff may have been attempting to flood his cell. (*See* Dkt. # 7 at 3.) It thus appears that the deprivations complained of were attributable to Plaintiff's own behavior in the immediate aftermath of his booking. According Defendants the deference they are due in establishing policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security, this Court must conclude that Plaintiff has not established

any violation of his constitutional rights arising out of the limited deprivations of food and water on the day of his booking.

To the extent Plaintiff asserts that he was denied medical attention, his claim is too vague and conclusory to state a claim for relief under § 1983. Plaintiff does not specifically allege that either Officer Hoff or Officer Guerrero was involved in this deprivation, and Plaintiff's bare allegations that Sergeants Lee and Moody were aware of his needs and would not acknowledge them lacks sufficient specificity to proceed.

### IV.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

//
//
//
//
//
//
//
//
//

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by **November 20, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the day after objections were due.

DATED this 30th day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 9